**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSLVANIA**

| | |
|---|---|
| DANIELLE WALKER<br>3450 J. St.<br>Philadelphia, PA 19134<br><br>　　　　　　　　　Plaintiff<br>　　　v.<br><br>JOSEPH TROUTEN<br>328 N. Miller St.<br>Lime Springs, IA 52155<br><br>BILL FUNK TRUCKING, INC.<br>933 Main St.<br>Chatfield, MN 55923<br><br>　　　　　　　　　Defendants | No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW COMES the Plaintiff, Danielle Walker, by and through her counsel, Morgan & Morgan Philadelphia, PLLC, and hereby complains against the above-named Defendants, and in support thereof avers as follows:

## PARTIES

1. The Plaintiff, Danielle Walker (hereinafter "Plaintiff") is an adult individual who resides at 3450 J. St., Philadelphia PA 19134.

2. The Defendant, Joseph Trouten (hereinafter "Defendant") is an adult individual who resides at 328 N. Miller St., Lime Springs, IA 52155.

3. The Defendant, Bill Funk Trucking, Inc. (hereinafter "BFT") is a business entity headquartered at 933 Main St., Chatfield, MN 55923.

4. At all relevant times, the Defendant was the agent, servant, workman and/or employee of BFT, and was operating a tractor trailer in the course and scope of his employment.

5. This Honorable Court has jurisdiction over this matter as the collision took place in Philadelphia county and all parties are diverse.

## FACTUAL BACKGROUND

6. On June 15, 2020 at approximately 3:40 p.m., the Plaintiff was exiting the off ramp of I-95 South and was making a right-hand turn onto Callowhill St. from the far right hand turn lane.

7. At all relevant times hereto, the off ramp at I-95 South has two turn lanes that allow you to turn onto Callowhill St.

8. On the same date, place and time, the Defendant was exiting the off ramp of I-95 South and was making a right-hand turn onto Callowhill St. from the left right hand turn lane.

9. The Defendant cut his turn short and struck the Plaintiff's vehicle.

10. At all relevant times, the Plaintiff had the right of way to make a right-hand turn.

11. As a result of the collision, the Plaintiff suffered serious and permanent injuries to her neck, back and right knee.

12. At all relevant times hereto, the Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to her injuries or damages.

## COUNT I
## NEGLIGENCE
## DANIELLE WALKER v. JOSEPH TROUTEN

13. The preceding paragraphs are incorporated herein by reference by reference as though fully set forth.

14. The negligence of the Defendant, individually and as the agent, servant, worker and/or employee of BFT, consisted of, but is not limited to the following:

a. Failing to maintain proper and adequate control of his tractor trailer;

b. Driving too fast for the conditions;

c. Failing to pay proper attention while exiting I-95 South;

d. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff;

e. Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

f. Failing to remain alert;

g. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

h. Failing to properly control his tractor trailer in light of the circumstances then and there existing;

i. Failing to make necessary and reasonable observations while operating his tractor trailer;

j. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle operated by the Plaintiff;

k. Failing to timely and properly apply his brakes;

l. Violating both the written and unwritten policies, rules, guidelines and regulations of BFT;

m. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations; and

n. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles.

15. As a direct and proximate cause of the negligence of the Defendant, the Plaintiff suffered the following injuries:

a. Activation of T5 compression fx; and

b. Right knee injury.

16. As a result of the aforesaid injuries, the Plaintiff, as of the time of the filing of this Complaint, has required treatment from, and continues to require treatment for the aforesaid injuries.

17. All of the aforementioned treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

18. As a result of the aforesaid injuries, the Plaintiff sustained a loss of the everyday pleasures and enjoyments of life and may continue to suffer the same for an indefinite period of time into the future.

19. As a result of the aforesaid injuries, the Plaintiff sustained embarrassment and humiliation and may continue to suffer the same for an indefinite period of time into the future.

20. As a result of the aforesaid injuries, the Plaintiff sustained physical and mental pain and suffering and may continue to suffer the same for an indefinite period of time into the future.

21. As a result of the aforesaid injuries, the Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

22. As a result of the aforesaid injuries, the Plaintiff sustained an impairment of her earning capacity / potential.

**WHEREFORE**, the Plaintiff, Danielle Walker, hereby seeks all damages allowed from the Defendant, Joseph Trouten, in an amount in excess of $150,000.00.

## COUNT II
## NEGLIGENCE
## <u>DANIELLE WALKER v. BILL FUNK TRUCKING, INC. as being vicariously liable for Joseph Trouten</u>

23. The preceding paragraphs are incorporated herein by reference as though fully set forth.

24. The negligence of BFT, as being vicariously liable for the actions of Joseph Trouten, consisted of, but is not limited to the following:

    a. Failing to maintain proper and adequate control of his tractor trailer;

    b. Driving too fast for the conditions;

    c. Failing to pay proper attention while exiting I-95 South;

    d. Failing to take proper precautions in the operation of his tractor trailer so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff;

    e. Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

    f. Failing to remain alert;

    g. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

    h. Failing to properly control his tractor trailer in light of the circumstances then and there existing;

    i. Failing to make necessary and reasonable observations while operating his tractor trailer;

    j. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle operated by the Plaintiff;

    k. Failing to timely and properly apply his brakes;

    l. Violating both the written and unwritten policies, rules, guidelines and regulations of BFT;

    m. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations; and

    n. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles.

25. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Danielle Walker, hereby seeks all damages allowed from the Defendant, Bill Funk Trucking, Inc., as being vicariously liable for Joseph Trouten, in an amount in excess of $150,000.00.

Respectfully submitted,

MORGAN & MORGAN PHILADELPHIA, PLLC


BY:    /s/ Kevin Clancy Boylan_____
         KEVIN CLANCY BOYLAN, ESQUIRE
         Attorney for the Plaintiff

## VERIFICATION

I, __Danielle Walker__, hereby certify that the facts contained in the foregoing __Complaint__ are true and correct to the best of my knowledge, information and belief. I make this statement subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

DATE: 3/30/2021

*Danielle Walker*